BlackfoRd, J.
The declaration commenced as follows: The plaintiffs complain of the defendants in a plea of trespass on the case. There are two counts, the first of which is to the following effect: For that whereas, heretofore, &c., the defendants represented to the plaintiffs that they were the owners of a certain steamboat called the RobeH Fulton, which was running on the Mississippi river, and falsely and deceitfully represented that said boat was new and in good repair, &c.; that the plaintiffs then and there, at the special request of the defendants, bargained with the defendants to buy of them said boat, &c., for the price of $20,000, payable as follows, viz., $1,200 in hand, $3,800 on, &c., and the residue on, &c.; that the defendants still representing the boat to be as above stated, sold the same to the plaintiffs for $20,000, payable as above; that the *plaintiffs then and there confiding in said representations of the defendants (the boat not being present), purchased the boat for $20,000, paid to the defendants $1,200, and promised to pay the residue as above stated; that the defendants promised and bound themselves to deliver the boat in good repair, &c., to the plaintiffs, or their agent, at the mouth of the Ohio river, &c., as soon as it could possibly be done, the property of the boat to remain in the defendants until it should be delivered as aforesaid to the plaintiffs; that the plaintiffs have been always ready and willing to receive the boat agreeably to their said contract; and that a sufficient time has elapsed for the defendants to deliver the boat, &c.; yet the defendants, disregarding their prom *386 ises and undertakings, thereby craftily deceived and defrauded the plaintiffs in the premises, in this, viz., the boat was not, when the'delivery should have been made, in good repair, &c.; that therefore the defendants have falsely and fraudulently deceived the plaintiffs, and have not kept their promise and undertaking, but have fraudulently and falsely neglected and refused to deliver the boat in the condition and repair they promised and bound themselves to do, though often requested todo so; whereby the boat, &e., could not be and was not received by the plaintiffs; by reason whereof they have been greatly damaged, &c.
S. C. Stevens, for the plaintiffs.
M. G. Bright, for the defendants.
The second count is a general one in’ assumpsit in the usual form, for money had and received.
The défendants pleaded non-assumpsit. Yerdict for the plaintiffs. Motion in arrest of judgment, and the motion sustained;
If the first count were founded on tort, there would be a misjoinder of counts, and the arrest of judgment would be correct; but we do not consider the first count to be so founded. We understand it to be a count in assumpsit for the non-delivery of a steamboat, &e., which the plaintiffs had purchased of the defendants, and which the latter had promised to deliver to the former. The Court erred in arresting the judgment.
The arresting of the judgment was a final disposition of the cause, to which a writ of error lies.
It appears that at the next term after the judgment was ^arrested, a judgment against the plaintiffs for costs was rendered on their motion, but the cause having been finally disposed of at a prior term, the latter judgment is no part of the record before us.
Per .Curiam.—The arrest of judgment is reversed with costs. Cause remanded, &c.